UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOISY MBULI EPSE KETTY individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>-v-<br><br><br>PARKINSON'S SPECIALTY CARE, LLC,<br><br>Defendant. | Civ. No.:_____<br><br>Judge:_____<br><br>**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |

This is a Class and Collective Action Complaint brought to obtain monetary and equitable relief on behalf of a class of individuals who are or were employed by Defendant as Certified Nursing Assistants or Home Health Aids (collectively, CNAs). Plaintiff Joisy Mbuli Epse Ketty brings this suit against Defendant Parkinson's Specialty Care (PSC), a Minnesota Limited Liability Company ("Defendant") under the Fair Labor Standards Act ("FLSA"). Plaintiff worked for Defendant in each of the company's five assisted living residences throughout the Twin Cities metropolitan area providing assistance to nurses and monitoring the premises. Plaintiff and her co-workers regularly worked in excess of 40 hours in a workweek, but Defendant failed to compensate Plaintiff and similarly situated CNAs according to the overtime provisions of the FLSA.

Plaintiff, for her Complaint against Defendant, states and alleges as follows:

## Parties, Jurisdiction, and Venue

1. Plaintiff Joisy Mbuli Epse Ketty is a resident of the City of Richfield, County of Hennepin, State of Minnesota. Ms. Ketty has worked for Defendant as a Certified Nursing Assistant and Home Health Aid since approximately Fall of 2012.

2. Defendant is a Minnesota Limited Liability Company that operates five assisted living residences throughout the western Twin Cities metropolitan area. Defendant accepts payments subject to the Federal Medicaid Elderly Waiver program.

3. At all times relevant to this Complaint, Plaintiff and Defendant were "employee" and "employer" respectively, within the meaning of FLSA.

4. The acts alleged in this Complaint fall within the general subject matter of this Court.

5. This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1331 because the case arises under a federal law, the FLSA.

6. Venue is proper in this District under 28 U.S.C. 1391(a) and (b). Defendant is a resident of this District and subject to personal jurisdiction here.

## Facts

7. Plaintiff works for Defendant as an unlicensed CNA performing everyday living tasks for Defendant's elderly patients who cannot care for themselves. A

majority of Defendant's patients are dealing with Parkinson's disease or similar diseases.

8. Defendant pays Plaintiff and all CNAs an hourly rate for their work.

9. Defendant typically schedules Plaintiff and other CNAs to work over 40 hours per week. On average, Plaintiff typically works 50–79 hours per week.

10. Defendant prohibits Plaintiff and other CNAs from taking meal or rest breaks during their shifts, no matter how long the shift is.

11. CNAs primarily work at one of Defendant's locations, but "float" to other locations as needed or assigned by Defendant.

12. All of Defendants' five locations are under common ownership and management. Plaintiff has worked at each of Defendant's locations, and has personal knowledge that the duties of CNAs are identical at all locations. Plaintiff also has personal knowledge that Defendant's policies and procedures are common among Defendant's locations, and all are promulgated by the same two or three managers who oversee all locations.

13. Specifically, Defendant's owner, Marcia Cotter, exercises common control over all locations with the power to direct, restrict, regulate, govern or administer the performance of the activities of CNAs.

14. Defendant has not paid Plaintiff or other CNAs for all time worked over 40 hours per week. *See, e.g.* Exhibit A, showing Plaintiff worked 87.57 hours in two weeks but did not receive overtime premium pay in that pay period.

15. All CNAs punch in and out of their shifts using a computerized time clock.

16. Defendant occasionally pays overtime premium wages, but does not do so regularly, and often, when it does, it only pays premium pay for some of the hours worked in excess of 40. *See, e.g.* Exhibit B, showing Plaintiff worked 124.98 hours in a two week pay period, but was only paid premium pay for 30.20 of those hours, and received the regular rate of pay for 94.78 hours. *See also* Exhibit C, showing the same practice in a different pay period.

17. Defendant further avoids paying overtime premium pay to its CNAs by utilizing a separate payroll system at each of its various locations. Defendant does not treat hours worked at all locations as cumulative throughout the PSC enterprise, so CNAs who work at total over 40 hours per week at various locations, but not 40 hours per week at any single location, are not paid overtime premium pay.

18. Additionally and upon information and belief, Defendant does not use a fixed and regularly recurring period of 168 hours, or seven consecutive 24-hour periods for its workweek, as required by the FLSA. Instead, in an apparent effort to minimize overtime payment, Defendant shifts "workweeks" to begin on different days of the week to find the period of time in which the employee worked the fewest hours.

19. The result of Defendant's payroll and timekeeping policies is that Defendant deprives Plaintiff and other CNAs of premium pay for their overtime work.

**Collective Action Allegations**

20. Plaintiff brings Count Two of this Complaint as a collective action, alleging violations of the FLSA on behalf of herself and all similarly situated individuals. This "Federal Collective Group" is defined as:

> All individuals who worked for Defendant as a full-time Certified Nursing Assistant at any of its locations at any time during the three years preceding the filing of this Collective Action Complaint.

Plaintiff reserves the right to redefine the Federal Collective Group prior to conditional certification.

21. Plaintiff and other CNAs are similarly situated in that they have substantially similar job requirements, pay provisions, time clock and payroll system, and are subject to Defendant's common practice, policy, or plan of not paying overtime premium wages for work performed in excess of 40 hours per week.

22. Defendant permitted Plaintiff and members of the Federal Collective Group to work more than 40 hours per week without payment of full overtime compensation from time to time.

23. Defendant failed to properly compensate Plaintiff for all time worked.

24. Count One of this Complaint for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) because the claims of the Plaintiff are similar to the claims of current and former CNAs who worked for Defendant.

25. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and all similarly situated individuals, and notice of this lawsuit should be sent to them. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records.

26. The precise number of members of the proposed Federal Collective Group is unknown to Plaintiff at this time. However, upon information and belief, it is approximately 100 individuals. The true number of proposed Federal Collective Group members is, however, likely to be known by Defendant, and thus, Federal Collective Group members may be notified of the pendency of this action by first class mail or electronic notice using information in Defendant's payroll records.

**Cause of Action**

<u>Count One</u>
FAILURE TO PAY OVERTIME
TO THE FEDERAL COLLECTIVE GROUP
FLSA, 29 U.S.C. §§ 201 *et seq.*
On behalf of the named Plaintiff and the Federal Collective Group

27. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding Paragraphs.

28. Section 206(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

29. There are no exemptions applicable to Plaintiff or to other members of the Federal Collective Group.

30. For purposes of the FLSA, the employment practices of Defendant were and are uniform in all respects material to the claims asserted in this Complaint throughout Minnesota.

31. Plaintiff and the other members of the Federal Collective Group, either regularly or from time to time, worked more than 40 hours per week, but did not receive full overtime pay for all overtime worked.

32. At all relevant times, Defendant had gross operating revenues in excess of $500,000.

33. As a result of Defendant's failure to pay overtime premium wages, Plaintiff and the other members of the Federal Collective Group were damaged in an amount to be proved at trial.

34. Therefore, Plaintiff demands that she and the other members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not

compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully prays this Court award the following relief:

35. Certify the Federal Collective Group, appointing Plaintiff as Class Representative, and appointing the undersigned counsel of record as Class Counsel;

36. Enter judgment requiring Defendant to compensate Plaintiff and the other members of the Federal Collective Group for the reasonable value of the benefits Plaintiff and members of the Federal Collective Group provided to Defendant;

37. Award reimbursement of unpaid wages at overtime rates for all overtime work as described in this Complaint;

38. Award payment of any penalties or other amounts under any applicable laws, statutes or regulations, including but not limited to liquidated damages;

39. Enter judgment in favor of each Federal Collective Group member for damages suffered as a result of the conduct alleged herein, to include pre-judgment interest;

40. Award Plaintiff reasonable attorneys' fees and costs; and

41. Grant such other and further legal and equitable relief as this Court deems just and necessary.

## Jury Demand

Plaintiff demands trial by jury on all counts where jury is available.

Dated: November 24, 2014.    BAILLON THOME JOZWIAK & WANTA LLP

s/ Shawn J. Wanta

Shawn J. Wanta, No. 0389164
Joni M. Thome, No. 0232087
222 South Ninth Street, Suite 2955
Minneapolis, MN  55402
Telephone:  (612) 252-3570

*Attorneys for Plaintiff*