UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOISY MBULI EPSE KETTY, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>-v-<br><br>PARKINSON'S SPECIALTY CARE, LLC,<br><br>Defendant. | Court File No. 14-cv-04849 (MJD/JSM)<br><br>**Order Preliminarily Approving Collective Action Settlement** |

Plaintiff Joisy Mbuli Epse Ketty ("Plaintiff") and Defendant Parkinson's Specialty Care, LLC ("Defendant") in the above-captioned litigation pending before the Court have entered into a Stipulation of Collective Action Settlement ("Settlement Agreement") following arms-length settlement negotiations. All capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement.

The Parties have made an application, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) for an order preliminarily approving the settlement of this Action upon the terms and conditions set forth in the Settlement Agreement; and

The Court has reviewed and considered the Settlement Agreement and accompanying Exhibits, and the Parties' application for such an order and found good cause for same;

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.     The Settlement Group**

1.     <u>Jurisdiction</u>. The Court has jurisdiction over the Parties and the subject matter of the dispute.

2.     <u>Conditional Certification of Settlement Group</u>. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of the Settlement only, the Court hereby conditionally certifies this Action as a collective action on behalf of the following Settlement Group:

> All individuals who worked for Defendant as Certified Nursing Assistants and who worked a total of more than 40 hours in two or more of Defendant's locations in one or more workweeks at any of its locations between November 25, 2012 and November 24, 2014.

3.     <u>Appointment of Settlement Group Representative</u>. The Court hereby finds that, for purposes of the Settlement, the named Plaintiff Joisy Mbuli Epse Ketty is a member of the Settlement Group and that, for Settlement purposes only, she is similarly situated to and adequately represents the interests of the Settlement Group Members. The Court hereby appoints named Plaintiff Joisy Mbuli Epse Ketty as Class Representative of the Settlement Group.

4.     <u>Appointment of Class Counsel</u>. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having found Shawn J. Wanta and the law firm of Baillon Thome Jozwiak & Wanta LLP to be adequate, the Court hereby appoints Mr. Wanta and the firm as Class Counsel to represent the Settlement Group.

5.     <u>Preliminary Findings</u>. The Court, having conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement, hereby finds that the Settlement falls within the range of reasonableness meriting further proceedings and possible final approval and

dissemination of the Settlement Notice to the Settlement Group. The Court hereby preliminarily approves the Settlement Agreement, and the terms and conditions of the Settlement set forth therein, subject to further consideration in the Final Approval Hearing described below.

**B.     The Final Approval Hearing**

1.     The Court will hold a Final Approval Hearing on May 27, 2016 at 9:00 a.m., for the purposes of:

(a)     Finally determining whether the Settlement Group meets all applicable requirements of the Fair Labor Standards Act, 29 U.S.C. § 216 and, thus, whether the Action should be certified as a collective action for purposes of effectuating the Settlement;

(b)     Determining whether the Settlement on the terms and conditions set forth in the Settlement Agreement is fair, just, reasonable, and adequate to the Settlement Group and should be approved by the Court;

(c)     Considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for in the Settlement Agreement;

(d)     Considering the application of the Class Representative for an Incentive Award, as provided for in the Settlement Agreement;

(e)     Considering whether the Court should enter the [Proposed] Order Approving Collective Action Settlement; and

(f)     Ruling upon such other matters as the Court may deem necessary and appropriate.

2.     <u>Modifications to Settlement</u>. The Parties may modify the Settlement Agreement prior to the Final Approval Hearing, so long as such modifications do not materially change the terms of the Settlement provided thereunder. The Court

3

may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Group.

   3. <u>Appearance at Final Approval Hearing</u>. Attendance at the Final Approval Hearing is not necessary; however, any Person wishing to be heard orally with respect to approval of the Settlement, the application for Attorneys' Fees and Expenses, or the application for Plaintiff's Incentive Award, is required to provide written notice of their intention to appear at the Final Approval Hearing no later than the Claims Deadline as set forth in the Settlement Notice. Persons who do not intend to oppose the Attorneys' Fees and Expenses or Incentive Awards need not take any action to indicate their approval. Any Settlement Class Member may enter an appearance in the Action at his or her own expense, individually or through counsel. All Settlement Group Members who do not enter an appearance will be represented by Class Counsel.

   4. All papers in support of the Settlement and any application for an award of Attorneys' Fees and Expenses and/or Incentive Awards must be filed with the Court and served at least twenty-one (21) days prior to the Final Approval Hearing.

**C.** **The Court Approves the Form and Method of Class Notices**

   1. <u>Class Notices</u>. The Court approves, as to form and content, the proposed Settlement Notice, which is Exhibit 1 to the Settlement Agreement. The Court finds that the Settlement Group Notice is reasonably calculated to apprise Settlement Group Members of the pendency of the Action, their right to object to the proposed Settlement and opt in to the Settlement Group or decline to participate.

   2. <u>Distribution of Settlement Notice</u>.

    (a) The Court finds that the distribution of the Settlement Notice substantially in the manner and form set forth in the Settlement Agreement and

Exhibit 1 meets the requirements of due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all Persons entitled thereto.

       3.      The Court directs the Parties to disseminate Settlement Notice, the Settlement Agreement and all Exhibits thereto, instructions on how to submit Claims by mail, e-mail or facsimile, Orders of the Court pertaining to the Settlement, and such other information as may be of assistance to Settlement Group Members or required under the Settlement Agreement.

      The Parties are ordered to cause the Group Settlement Notice to be disseminated to potential Settlement Group Members no later than fifty-five (55) days before the Final Approval Hearing ("Settlement Notice Deadline").

**D.**      **Miscellaneous Provisions**

       1.      <u>Stay</u>. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Action unrelated to the approval of the Settlement, the application for Attorneys' Fees and Expenses, and the Application for Incentive Award are stayed.

       2.      <u>Termination of Settlement</u>. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement.

       3.      <u>Use of Order</u>. This Order shall not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against Defendant of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense, right to arbitration or to defend against arbitration that he, she or it may have in the event the Settlement Agreement is terminated, nor shall it be used in any manner prohibited by Section

4 of the Settlement Agreement. In the event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession or presumption by or against the Released Parties, the Plaintiff or the Collective Group.

      4.      The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

IT IS SO ORDERED.

Dated: February 19, 2016

                                     s/ Michael J. Davis
                                      Hon. Michael J. Davis
                                      United States District Judge