UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOISY MBULI EPSE KETTY, individually and on behalf of all similarly situated individuals, | Court File No. 14-cv-04849 (MJD/JSM) |
| Plaintiff, | **Order Approving Collective Action Settlement** |
| v. | |
| PARKINSON'S SPECIALTY CARE, LLC, | |
| Defendant. | |

WHEREAS Plaintiff Joisy Mbuli Epse Ketty ("Plaintiff") and Parkinson's Specialty Care, LLC ("Defendant"), by and through their respective counsel, have executed and filed the Settlement Agreement with the Court;

WHEREAS the Court entered an Order Preliminarily Approving the Class Action Settlement, Conditionally Certifying Settlement Class, Providing Notice and Scheduling Order on February 19, 2016 ("Preliminary Approval Order"), directing that Notice be provided to the Settlement Class; scheduling a Final Approval Hearing to determine whether to finally approve the Settlement, to finally certify the Settlement Class, and to award Attorneys' Fees and Expenses and/or Incentive Award; and to consider any objections properly and timely presents;

WHEREAS the Court held a Final Approval Hearing on May 27, 2016, at which all interested Persons were given the opportunity to be heard; the Court having heard and

considered all submissions in connection with the proposed Settlement and the files and records herein, as well as the arguments of counsel;

The Court hereby finds and concludes:

1. This Order incorporates by reference the definitions in the Settlement Agreement[1], and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein.

2. Plaintiff filed this action against Defendant alleging (1) failure to pay premium pay of at least one and one-half times the regular rate for hours worked in excess of forty (40) per week, in violation of the Fair Labor Standards Act.

3. The Settlement Group was conditionally certified by the Court's Preliminary Approval Order, defined as:

> All individuals who worked for Defendant as Certified Nursing Assistants and who worked a total of more than 40 hours in two or more of Defendant's locations in one or more workweeks at any of its locations between November 25, 2012 and November 24, 2014.

4. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Group Members (as defined above), including, without limitation, jurisdiction to approve the proposed Settlement, grant final certification of the Settlement Group, and dismiss this Action with prejudice.

5. The Court finds that, for purposes of approving and effectuating the Settlement embodied in the Agreement, and only for such purposes, the prerequisites for

---

[1] All references to the "Settlement Agreement" refer to the Settlement Agreement as amended as set forth in Docket No. 20.

certifying this Action as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216 (b) have been met, in that the Settlement is fair, reasonable, adequate and in the best interest of the Plaintiffs and the Settlement Class.

6. The Settlement Agreement provides for a full and final resolution of this Litigation, subject to the approval of the Court and the entry of this Order Approving Settlement and the accompanying Final Judgment.

7. The Court scheduled a Final Approval Hearing to consider approval of the Settlement.

8. The Court's Preliminary Approval Order directed that Notice be given to the Settlement Class pursuant to the Notice Program proposed by the Parties and approved by the Court.

9. In accordance with the Court's Preliminary Approval Order and the Court-approved Notice Program, the parties caused the Class Settlement Notice which is Exhibit 2 to the Settlement Agreement, to be mailed to the last known address of all identified potential Settlement Group Members, along with copies of: the Settlement Claims Form, Exhibit 3 to the Settlement Agreement; and instructions on how to submit Settlement Claim Forms online or by mail. The Class Settlement Notice advised Settlement Class Members of the background of the Litigation and terms of the proposed Settlement; of the Final Approval Hearing; of their right to opt-in to the FLSA collective action through written consent; of procedures for exercising such rights; of procedures and deadlines for submitting Settlement Claim Forms under the Settlement Agreement; of

the scope of the Release; and of the binding effect of this Order and the accompanying Final Judgment in this Action, whether favorable or unfavorable, to the Settlement Class.

10. The Class Settlement Notice provided to the Settlement Group constitutes the best and most practicable notice under the circumstances. The Notice Program was designed to provide notice in the manner most likely to be received and read by the Settlement Group. The Settlement Group received valid, due, and sufficient notice that complied fully with the Constitutional requirements of due process.

11. The Court finds, after a hearing and based upon all submissions of the Parties and interested Persons, that the Settlement proposed by the Parties is fair, reasonable, and adequate as to the Settlement Group. The terms and provisions of the Agreement are the product of lengthy, arms-length negotiations. Approval of the Settlement Agreement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice

Now, therefore, good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Unopposed Motion for Final Approval of Collective Action Settlement [Docket No. 21] is **GRANTED**.

2. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Group and in full compliance with all applicable requirements of the Fair Labor Standards Act, the United States Constitution (including the due process clause), and any other applicable law. The Notice Program complies in all respects with the requirements of Constitutional due process by providing

due, adequate, and sufficient notice to the Settlement Class. The Parties are ordered to effectuate the Settlement in accordance with the terms of the Settlement Agreement. The terms of the Settlement Agreement are fully incorporated into this Order as if set forth fully herein.

      3.      Pursuant to Federal Rule of Civil Procedure 23 and for purposes of the Settlement only, the Court finally certifies this Litigation as a collective action brought by the Class Representative on behalf of the Settlement Group as defined above with respect to all of the claims alleged in the Litigation.

      4.      All Settlement Group Members are bound by this Order, by the accompanying Judgment, and by the terms and provisions of the Settlement Agreement incorporated herein.

      5.      The Plaintiff, on behalf of herself and her respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns, and each Settlement Group Member, on behalf of himself/herself and his/her respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns hereby forever release, discharge, and covenant not to sue Defendant (as defined in Section 2.10) with respect to any and all claims, debts, demands, actions, or other causes of action of whatever kind and nature, whether known or unknown, which accrued during the Class Period from November 25, 2012 until November 14, 2014, arising from or relating to (1) the Fair Labor Standards Act, (2) the Minnesota Fair Labor Standards Act, (3) any claims for unpaid wages or overtime, including, but not limited to, holiday pay, or missed meal, break or rest periods; (4) any

claims for failure to make accurate payments that are derivative of, or in any way related to, any wage and hour, or overtime premium pay; (5) any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described in (1) through (4) above.

6. The Released Parties are hereby forever released and discharged from any and all of the Released Claims. The Releasing Parties are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties.

7. Defendant, the Released Parties, and any Person claiming through them hereby shall be deemed to have fully, finally, and forever released, relinquished and discharged each and all of Plaintiffs and the Settlement Class Members, and their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs, and assigns of each, from all claims of every nature and description, known and unknown, relating to the initiation, assertion, prosecution, non-prosecution, settlement, and/or resolution of this Action or the Released Claims.

8. The Settlement Agreement, this Order, and the accompanying Judgment, or the fact of the Settlement Agreement, shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred

to for any other reason, by any Plaintiff, Defendant, Releasing Party or Released Party in the Litigation or in any other civil, criminal, or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Order and the accompanying Judgment.

9.  No opinions concerning the tax consequences of the Settlement to Settlement Group Members have been given, and no representations or warranties regarding such tax consequences are made in the Settlement Agreement. The Parties and their respective counsel shall not be liable to any Party or Person for any tax consequences that result from the implementation of this Settlement. Settlement Group Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments or credits provided or relief awarded under the Settlement and any tax reporting obligations with respect to it.

10. The Court hereby dismisses with prejudice this Litigation and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others, except as otherwise provided in this Order, the Order Granting Plaintiff's Motion for Award of Attorneys' Fees and Costs, and Payment of Service Award, and the accompanying Judgment.

11. The Court reserves jurisdiction over the implementation, administration, and enforcement of this Order, the accompanying Judgment, the Settlement Agreement, and all other matters that the Court may deem ancillary thereto. Nothing in this Order or the accompanying Judgment shall preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this Order or the accompanying Judgment

preclude Plaintiffs or Settlement Group Members from participating in the Claims process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

12. Any appeal that is limited to the award of Attorneys' Fees and Expenses to Class Counsel shall not affect the finality of this Order or the accompanying Judgment or delay the Effective Date.

13. The Parties and their counsel are hereby directed to implement the Settlement Agreement according to its terms and provisions.

14. The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Settlement Agreement, including without limitation, the forms to be used in the Claims process, that are consistent with this Order and do not limit the rights of Settlement Group Members under the Agreement.

15. A list of Released Parties is attached hereto as Exhibit A.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 27, 2016    s/ Michael J. Davis
                       The Honorable Michael J. Davis
                       United States District Judge

# Exhibit A

## Qualified Claimants

The following Settlement Class Members opted into the FLSA collection action on or before April 18, 2016, and are therefore Qualified Claimants:

| Name | Settlement Amount |
|---|---|
| Shaleena Brown | $1,315.08 |
| Jocelyn Collins | $982.68 |
| David Nyaosi | $6,319.95 |
| Tiffany Ables | $46.56 |
| Zanner Gaye | $1,021.80 |
| Joisy Ketty | $964.73 |
| Ellen Smith | $9,717.13 |
| Shawna Jordan | $307.17 |
| Lorriet Klien | $1,731.30 |
| Courtney Guy | $529.10 |
| Tina Fade | $146.90 |
| Maggie Harmon | $1,006.72 |
| Kayla McKnight | $534.06 |
| Reshnie Suknanan | $1,799.00 |
| Douglas Ombati | $3,900.84 |
| Melita Clark | $563.94 |
| Ramatoulaye Souare | $3,478.41 |
| Dawn Savard | $2,449.59 |
| Anthony Traga | $726.83 |
| **Total** | **$37,541.79** |