UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOISY MBULI EPSE KETTY, individually and on behalf of all similarly situated individuals,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>PARKINSON'S SPECIALTY CARE, LLC,<br><br>　　　　　　　　　Defendant. | Court File No. 14-cv-04849 (MJD/JSM)<br><br>**Order Granting Plaintiff's Motion for Award of Attorneys' Fees and Costs, and Payment of Service Award** |

WHEREAS Plaintiff Joisy Mbuli Epse Ketty ("Plaintiff") and her counsel have made an application, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) for an award of attorneys' fees and costs, and payment of a Service Award for Class Representative; and

WHEREAS the Court held a Final Approval Hearing on May 27, 2016, at which all interested Persons were given the opportunity to be heard; the Court having heard and considered all submissions in connection with the Motion for an Award of Attorneys' Fees, Reimbursement for Expenses, and Service Award Payment, the lack of opposition from Defendant, the lack of objections filed by Settlement Group Members; and all other relevant factors;

NOW, THEREFORE, The Court hereby makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On September 16, 2015, Plaintiff Joisy Mbuli Epse Ketty entered into a Settlement Agreement, on behalf of herself and on behalf of each of the purported Settlement Group Members, with Parkinson's Specialty Care, LLC, ("Defendant") on behalf of itself. [Docket No. 12-2]

2. On March 2, 2016, Plaintiff submitted an Amended Settlement Agreement ("Agreement"). [Docket No. 20-1]

3. This Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement unless set forth differently herein.

4. On February 19, 2016, the Court entered an Order for Preliminary Approval of the Agreement. By its Order, the Court preliminarily approved the Agreement; appointed Baillon Thome Jozwiak & Wanta LLP as Class Counsel; conditionally certified the Settlement Group; directed that notice be provided to the Settlement Group; and scheduled a Final Approval Hearing to: finally certify the Settlement Group; finally approve the Settlement Agreement; consider the application for an award of reasonable attorneys' fees and reimbursement for expenses; consider the application of for a Service Award for the Class Representative; and rule upon such other matters at the Court may deem necessary and appropriate. [Docket No. 19]

5. Notice has been provided to the Settlement Group in accordance with the Preliminary Approval Order, disclosing the maximum amounts that Class Counsel would

seek in attorneys' fees and expenses, and that the Class Representative would seek as a Service Award.

6. Pursuant to the Preliminary Approval Order, any intent by a Settlement Group Member to be heard orally with respect to approval of the application for Class Counsel's attorneys' fees, reimbursement for expenses, or payment of the Service Award was required to provide written notice of that intent by the Settlement Claims Deadline of April 18, 2016. By April 18, 2016, no Settlement Group Member provided notice of the same.

7. The Court held a Final Approval Hearing on May 27, 2016, at which all interested persons were given the opportunity to be heard. There were no submissions or objections from Settlement Class Members regarding Class Counsels' attorneys' fees, reimbursement for expenses; or the payment of Incentive Awards to the Class Representatives.

8. The Court issued an Order Approving Class Action Settlement on May 27, 2016, fully and finally approving the Settlement as fair, reasonable, and adequate, finally certifying the Settlement Class, and forever releasing Defendant from the Claims, in accordance with the Settlement Agreement.

9. Class Counsel have expended substantial time and effort in their prosecution of claims on behalf of Plaintiff and the Settlement Group.

10. Plaintiff is entitled to her reasonable attorneys' fees, which Defendant agreed not to oppose, in the amount of $60,000. This amount includes reasonable expenses incurred by Plaintiff and Class Counsel in the litigation. Plaintiff's fee and

expense request is reasonable under the lodestar method, given that: (a) the number of hours that Class Counsel devoted to the litigation is reasonable; (b) Class Counsel's hourly rates are reasonable; and (c) Plaintiff's requested fee is reasonable considering the benefit obtained for the class; and (d) the quality of representation.

11. The Class Representative initiated the Litigation, acted to protect the Settlement Group, and assisted Class Counsel throughout settlement negotiation and litigation. Her efforts have produced an Agreement entered into in good faith that provides a fair, reasonable, adequate, and certain result for the Settlement Group.

12. The Class Representative is entitled to a Service Award agreed upon by Defendant, in the amount of $2,000, for her effort and time in these proceedings.

## CONCLUSIONS OF LAW

The Court makes the following conclusions of law:

1. The Fair Labor Standards Act provides that a court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

2. In deciding an appropriate fee under the lodestar method, the Court multiplies the hours spent by the attorneys by the reasonable hourly rate of compensation. Johnston v. Comerica Mortgage Corp., 83 F.3d 241, 244, 244 (8th Cir. 1996). The amount "can be adjusted, up or down, to reflect the individualized characteristics of a given action." Id. Courts may consider a number of factors, including the number of hours spent by counsel; counsel's reasonable hourly rate; the contingent nature of success; the quality of the attorneys' work; and evidence of arm's-length negotiation of a certain

4

amount of fees. See In re UnitedHealth Grp, Inc. Shareholder Derivative Litig., 631 F. Supp. 2d 1151, 1158-1159 (D. Minn. 2009) (citing Grunin v. Int'l House of Pancakes, 513 F.2d 114, 127 (8th Cir. 1975)); Snell v. Allianz Life Ins. Co. of N. Am., No. 97-2784, 2000 WL 1336640, at *19 (D. Minn. Sept. 8, 2000).

3. Small incentive awards promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits. See Yarrington v. Solvay Pharm., Inc., 697 F. Supp. 2d 1057, 1068 (D. Minn. 2010). "[R]elevant factors in deciding whether incentive award to named plaintiff is warranted include actions plaintiff took to protect class's interests, degree to which class has benefitted from those actions, and amount of time and effort plaintiff expended in pursuing litigation." In re U.S. Bancorp Litig., 291 F.3d 1035, 1038 (8th Cir. 2002) (citation omitted).

**ORDER**

Now, therefore, good cause appearing**, IT IS HEREBY ORDERED** that:

1. Plaintiff's Unopposed Motion for Award of Attorneys' Fees and Costs, and Payment of Service Award [Docket No. 27] is **GRANTED**.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Settlement Group Members who have opted-in to the federal collective action.

3. Due and adequate notice of the maximum attorneys' fees and expenses that Class Counsel would request was directed to all persons who were reasonably identifiable purported Settlement Group Members, advising them of their right to object thereto or request exclusion.

4.      The Court hereby awards Class Counsel the requested attorneys' fees and expenses in the amount of $60,000. For the reasons stated above, the Court finds that the amount of fees and expenses is reasonable under the lodestar method.

5.      The Court further awards the Class Representative a Service Award in the amount of $2,000 to Plaintiff Joisy Mbuli Espse Ketty. For the reasons stated above, the Court finds that this amount is reasonable in light of Plaintiff's service in these proceedings.

6.      Defendant is ordered to pay $60,000 to Class Counsel as reasonable attorneys' fees and expenses incurred in this Litigation. Such fees and expenses shall be paid by Defendant to Class Counsel within seven (7) days after the Entry of Final Judgment and Order Approving Settlement.

7.      Defendant is ordered to pay $2,000 to Plaintiff Joisy Mbuli Espse Ketty as a Service Award for services provided to the Settlement Group. Such payment shall be made to the Class Representative and delivered to Class Counsel no later than seven (7) days after the Effective Date.

8.      All such payments are to be made in accordance with the provisions of the Agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 27, 2016                                  s/ Michael J. Davis
                                                      The Honorable Michael J. Davis
                                                      United States District Judge