UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOISY MBULI EPSE KETTY, individually and on behalf of all similarly situated individuals, | Court File No. 14-cv-04849 (MJD/JSM) |
| Plaintiff, | **JUDGMENT IN A CIVIL CASE** |
| v. | |
| PARKINSON'S SPECIALTY CARE, LLC, | |
| Defendant. | |

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

    1.    Plaintiff's Unopposed Motion for Final Approval of Collective Action Settlement [Docket No. 21] is **GRANTED**.

    2.    The terms and provisions of the Settlement Agreement, including all Exhibits thereto, are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Group and in full compliance with all applicable requirements of the Fair Labor Standards Act, the United States Constitution (including the due process clause), and any other applicable law. The Notice Program complies in all respects with the requirements of Constitutional due process by providing

due, adequate, and sufficient notice to the Settlement Class. The Parties are ordered to effectuate the Settlement in accordance with the terms of the Settlement Agreement. The terms of the Settlement Agreement are fully incorporated into this Order as if set forth fully herein.

3. Pursuant to Federal Rule of Civil Procedure 23 and for purposes of the Settlement only, the Court finally certifies this Litigation as a collective action brought by the Class Representative on behalf of the Settlement Group as defined above with respect to all of the claims alleged in the Litigation.

4. All Settlement Group Members are bound by the Order, by this Judgment, and by the terms and provisions of the Settlement Agreement incorporated herein.

5. The Plaintiff, on behalf of herself and her respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns, and each Settlement Group Member, on behalf of himself/herself and his/her respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns hereby forever release, discharge, and covenant not to sue Defendant (as defined in Section 2.10) with respect to any and all claims, debts, demands, actions, or other causes of action of whatever kind and nature, whether known or unknown, which accrued during the Class Period from November 25, 2012 until November 14, 2014, arising from or relating to (1) the Fair Labor Standards Act, (2) the Minnesota Fair Labor Standards Act, (3) any claims for unpaid wages or overtime, including, but not limited to, holiday pay, or missed meal, break or rest periods; (4) any claims for failure to make accurate payments that are derivative of, or in any way related

to, any wage and hour, or overtime premium pay; (5) any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described in (1) through (4) above.

6. The Released Parties are hereby forever released and discharged from any and all of the Released Claims. The Releasing Parties are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties.

7. Defendant, the Released Parties, and any Person claiming through them hereby shall be deemed to have fully, finally, and forever released, relinquished and discharged each and all of Plaintiffs and the Settlement Class Members, and their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs, and assigns of each, from all claims of every nature and description, known and unknown, relating to the initiation, assertion, prosecution, non-prosecution, settlement, and/or resolution of this Action or the Released Claims.

8. The Settlement Agreement, Order, and this Judgment, or the fact of the Settlement Agreement, shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any Plaintiff, Defendant, Releasing Party or Released Party in the Litigation or

in any other civil, criminal, or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, Order and this Judgment.

9. No opinions concerning the tax consequences of the Settlement to Settlement Group Members have been given, and no representations or warranties regarding such tax consequences are made in the Settlement Agreement. The Parties and their respective counsel shall not be liable to any Party or Person for any tax consequences that result from the implementation of this Settlement. Settlement Group Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments or credits provided or relief awarded under the Settlement and any tax reporting obligations with respect to it.

10. The Court hereby dismisses with prejudice this Litigation and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others, except as otherwise provided in this Order, the Order Granting Plaintiff's Motion for Award of Attorneys' Fees and Costs, and Payment of Service Award, and this Judgment.

11. The Court reserves jurisdiction over the implementation, administration, and enforcement of the Order, this Judgment, the Settlement Agreement, and all other matters that the Court may deem ancillary thereto. Nothing in the Order or this Judgment shall preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this Order or this Judgment preclude Plaintiffs or Settlement Group Members

from participating in the Claims process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

12. Any appeal that is limited to the award of Attorneys' Fees and Expenses to Class Counsel shall not affect the finality of the Order or this Judgment or delay the Effective Date.

13. The Parties and their counsel are hereby directed to implement the Settlement Agreement according to its terms and provisions.

14. The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Settlement Agreement, including without limitation, the forms to be used in the Claims process, that are consistent with this Order and do not limit the rights of Settlement Group Members under the Agreement.

15. A list of Released Parties is attached hereto as Exhibit A.

| May 27, 2016 | RICHARD D. SLETTEN, CLERK |
|---|---|
| Date | |
| | s/Thomas S. Schappa |
| | (By) Thomas S. Schappa, Deputy Clerk |